BRANCH BANKING AND TRUST COMPANY, GUARDIAN, ET AL. v. DAN GEAR AND WIFE.

(Filed 20 September, 1922.)

**Evidence—Nonexpert Testimony—Deeds and Conveyances—Mental Condition—Opinion.**

> A witness may not only testify to the facts he knows concerning a grantor whose deed is being impeached for his mental incapacity to have made it, but may also give his opinion or belief upon the personal knowledge he has of his sanity or insanity.

APPEAL by defendants from *Cranmer, J.,* at June Term, 1922, of WILSON.

Action to set aside a lease and a deed alleged to have been executed by Mariah Taylor at a time when she was *non compos mentis.*

WARD *v.* WINSTON.

From a verdict and judgment in favor of plaintiffs, the defendants appealed.

*O. P. Dickinson and F. D. Swindell for plaintiffs.*
*F. S. Hassell for defendants.*

PER CURIAM. The controversy, on trial, narrowed itself principally to questions of fact. The jury, upon ample evidence, has determined these in favor of the plaintiffs. Quite a number of the exceptions are directed to the admission of nonexpert testimony—consisting of the opinions of the witnesses—as to the mental capacity of the plaintiff's ward at the time of the execution of the instruments in question. In the leading case of *Clary v. Clary*, 24 N. C., 78, opinion by *Gaston, J.,* decided over eighty years ago, it was held that "a witness who had opportunities of knowing and observing a person whose sanity is impeached may not only depose to the facts he knows, but may also give his opinion or belief as to his sanity or insanity." And such is still the law as it obtains in this jurisdiction.

After a careful investigation of the record, we have found no ruling or action on the part of the learned judge which would warrant a reversal or an order for a new trial. The judgment will be upheld.

No error.